ATTORNEY FOR APPELLANT

John P. Brinson
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Steven K. Deig
Law Offices of Steven K. Deig
Evansville, Indiana

Laurie Baiden Bumb
Keating, Bumb, Vowels & LaPlante, P.C.
Evansville, Indiana

# In the
# Indiana Supreme Court

No. 82S04-0601-CV-8

GREG SHELTON, *Appellant (Defendant below),*

v.

ALICE ALAINA SHELTON, *Appellee (Plaintiff below).*

Appeal from the Vanderburgh Superior Court, No. 82D04-9805-DR-00549
The Honorable Brent Almon, Special Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 82A04-0502-CV-00089

**January 18, 2006**

**Dickson, Justice.**

In this case, the Court of Appeals applied the term "family member" as used in Section I(C)(3) of the Indiana Parenting Time Guidelines[1] to mean "a person within the same household

---

[1] Section I(C)(3) provides as follows:

> **Opportunity for Additional Parenting Time.** When it becomes necessary that a child be cared for by a person other than a parent or a family member, the parent needing the child care shall first offer the other parent the opportunity for additional parenting time. The other parent is under no obligation to provide the child care. If the other parent elects to provide this care, it shall be done at no cost.

as the parent with physical custody." <u>Shelton v. Shelton</u>, 835 N.E.2d 513, 517 (Ind. Ct. App. 2005). This construction resulted from the court's recognition that the Guidelines "impose a preference for parental childcare, founded 'on the premise that it is usually in a child's best interest to have frequent, meaningful and continuing contact with each parent.'" *Id.* (quoting the Preamble to the Guidelines). Pursuant to Indiana Appellate Rule 58(A)(2), we grant transfer and summarily affirm this opinion of the Court of Appeals.

The Court of Appeals holds that the trial court interpreted Section I(C)(3) of the Guidelines too broadly and reverses the resulting trial court order, remanding "for the trial court to modify its opinion." <u>Shelton</u>, 835 N.E.2d at 518. In summarily affirming this opinion, we note that upon remand the trial court must apply Section I(C)(3) as construed, but it is not precluded from exercising its discretion pursuant to subsection 2 of the Scope of Application provision in the Guidelines, which specifies:

> There is a presumption that the Indiana Parenting Time Guidelines are applicable in all cases covered by these guidelines. Any deviation from these Guidelines by either the parties or the court must be accompanied by a written explanation indicating why the deviation is necessary or appropriate in the case.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.