**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MEREDITH L. McINTYRE**
McIntyre & Smith
Bedford, Indiana

ATTORNEY FOR APPELLEE:

**ISHA E. WRIGHT-RYAN**
Loogootee, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE PATERNITY OF A.E.T., A Minor Child | ) ) ) |
| C.W., Individually and as Next Friend of A.E.T., Minor Child, | ) ) ) |
| Appellant-Petitioner, | ) ) |
| vs. | ) No. 51A04-1401-JP-2 ) |
| L.T., | ) ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MARTIN CIRCUIT COURT
The Honorable Lynne E. Ellis, Judge
Cause No. 51C01-0602-JP-20

**August 12, 2014**

**ROBB, Judge**

Case Summary and Issues

In 2006, paternity of A.E.T. ("Child") was established and custody, parenting time, and support issues were settled by agreement of C.W. ("Father") and L.T. ("Mother"). Father now appeals the trial court's order on his 2013 petition for modification seeking a change in custody and support, raising several issues for our review which we consolidate and restate as follows: 1) whether the trial court's judgment regarding custody and parenting time is an abuse of discretion; and 2) whether the trial court erred in failing to issue a specific child support order. Concluding the trial court did not abuse its discretion in denying Father's petition to modify custody but did abuse its discretion in part in altering parenting time and in failing to issue an order regarding child support, we affirm in part, reverse in part, and remand.

Facts and Procedural History

Soon after Child was born in February 2006, Father filed a petition to establish paternity. Father and Mother filed a proposed order which was approved by the trial court in August 2006 settling custody, parenting time, and support issues as follows:

> 5. CUSTODY: That the parties shall be awarded the joint legal custody of the minor child . . . . That [Mother] shall be awarded primary physical custody of said minor child.
> 6. PARENTING TIME: That [Father] shall have parenting time with the minor child at all times designated in the Indiana Parenting Time Guidelines, including overnight contact. . . . It is specifically noted that

[Father] has a work schedule that he works for 28 days and then he is off for 28 days. [Father] shall have the child for parenting time for at least 2 overnights (or other periods totaling 48 hours) per week plus an additional 6 hour period per week (for a total of 54 hours per week) for each week when he is off from work. . . .

* * *

8. CHILD SUPPORT: That [Father] shall pay the sum of $92.00 per week to the Clerk of the Martin Circuit Court as and for his weekly child support obligation . . . . That said obligation is in accordance with the Indiana Child Support Guideline.

Appellant's Appendix at 17-18.

By all accounts, in the ensuing years the parties communicated well and cooperated in raising a happy, healthy, intelligent child. By 2013, Father had changed his employment so he had a more regular schedule closer to home and Mother was working 7:30 a.m. to 5:30 p.m. Monday through Friday. With their new work hours, they arranged between themselves a parenting time schedule that was to everyone's benefit. On Mondays, Mother dropped Child off at Father's house on her way to work in the morning and Father fed her breakfast and helped her get ready before school. The Child returned to Father's home after school and Father would take her back to Mother's house at 8:00 p.m. On Tuesdays and Wednesdays, Mother dropped the Child off at Father's house on her way to work. Tuesday evenings, the Child would be with Mother, and Wednesday evenings, she and Mother would spend the evening with her maternal grandparents and then Child would spend the night there with her cousins. Her maternal step-grandfather would drop her off at Father's house on Thursday mornings and the Child would return to Father's home after school, staying with him until he took her to her Mother's home at 8:00 p.m. On Friday mornings, Mother dropped the Child off at

Father's home on her way to work. The parties alternated weekends, with one having Child Friday nights and the other Saturday nights. Child was always with Mother on Sunday evenings.

In March 2013, Father filed a petition for modification alleging a substantial and continuing change in circumstances and requesting the 2006 order be modified in part as follows:

> a. Father should be awarded joint physical custody of the minor child and orders should be entered giving Father at least 50% of the time with the minor child.
> b. That the Father's weekly child support obligation should be reduced and same should be calculated in accordance with the Indiana Child Support Guidelines.

Id. at 23.[1] At the hearing on Father's petition, Father testified that his desire was for the custody arrangement to be joint legal and physical custody and for Child to spend Monday and Thursday nights at his house since she was already there until 8:00 p.m. and back at 6:30 a.m. the next morning under the current arrangement. Also, on alternate weekends when he had parenting time with the Child on Saturday nights/Sundays, he wanted her to be able to spend Sunday night at his house. Father testified, "the biggest reason why I would like to have [Child] half of the time is to ensure stability. . . . I'd like to go ahead and have it in writing that I have her half the time so that I always know that at least half the time things are going to be right." Transcript at 55-56. Again, all the testimony seemed to indicate that all involved—parents and grandparents—got along and

---

[1] The 2006 order also provided that Father would maintain health insurance for the Child through his employer. When he changed employment, health insurance was not available through his employer, but Mother was able to obtain health insurance through her employer, so she began insuring the Child. Father's petition for modification also requested that this change be memorialized, and the trial court granted this request.

cooperated in raising Child, and that she has good relationships with everyone. Father did testify to concerns that Child had a less respectful relationship with Mother and with Mother's parents than with him; that Mother had once not been able to pay for propane to heat her house and Mother and Child had to stay with her parents for a while; and that Child had requested a box spring for her bed for Christmas and her birthday. Mother objected to the two additional weeknight overnights Father was requesting: "I want her to be home with me because it has been like that seven (7) years, you know. During the week she is with me. . . . And those few hours before bedtime is my time with her." Id. at 70-71.

In relevant part, the trial court's order on Father's petition for modification states:

1. The Parties shall continue with joint legal custody of the child, and the Mother shall continue to be the primary care giver.

2. Unless otherwise agreed to by the parties, Father shall have visitation with the child every other Friday after school until the following Monday at 6:30 p.m. On alternate weeks, he shall have Thursday overnight visitation with the child from after school on Thursday until he places the child on the bus or takes the child to daycare on Friday morning. If Father is not working on said Friday and child is not in school, Father shall have an extended Friday visit until 6:30 p.m.

3. Mother may, at her option, take the child to Father's home on the mornings Mother works, and Father shall place the child on school bus. If Mother takes child to Father's home on mornings child is not in school, Father shall take the child to daycare. Father may be allowed to keep child with him on days Father is not working and child is not in school. If child remains with Father during day, Mother shall pick child up from Father's on Mother's way home from work.

* * *

5. Unless otherwise agreed to by the parties, Father's holiday and summer visitation shall be pursuant to the Indiana Parenting Time Guidelines.

* * *

8. Father's counsel shall provide child support worksheet incorporating Father's additional overnights as stated above.

Appellant's App. at 10-11. Father filed a motion to correct error alleging the trial court abused its discretion in altering parenting time such that he now has less parenting time than he did before. The trial court held a hearing on Father's motion to correct error, and thereafter the motion was deemed denied. Father now appeals.

### Discussion and Decision

#### I. Standard of Review

Pursuant to statute:

> The court may not modify a child custody order unless:
> (1) modification is in the best interests of the child; and
> (2) there is substantial change in one (1) or more of the factors that the court may consider under section 2 [factors in determining custody initially] . . . .

Ind. Code § 31-14-13-6. The "section 2" factors the court is to consider are:

> (1) The age and sex of the child.
> (2) The wishes of the child's parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>    (A) the child's parents;
>    (B) the child's siblings; and
>    (C) any other person who may significantly affect the child's best interest.
> (5) The child's adjustment to home, school, and community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

Ind. Code § 31-14-13-2.

We review custody modification decisions for an abuse of discretion,[2] and prefer to give latitude and deference to the trial court in family law matters. Wilson v. Myers, 997 N.E.2d 338, 340 (Ind. 2013). Our supreme court has explained the reason for this deference:

> While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did. . . . Therefore, on appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal.

Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind. 2002) (quoting Brickley v. Brickley, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)) (quotations and alterations omitted). Accordingly, we neither reweigh the evidence nor judge the credibility of the witnesses. In re Paternity of B.B., 1 N.E.3d 151, 160 (Ind. Ct. App. 2013). In an initial custody determination, both parents are presumed equally entitled to custody, but a parent seeking modification bears the burden of proving the existing custody arrangement should be altered. Id.

## II. Modification of Custody

---

[2] The trial court's order includes three "findings": that the parents have demonstrated an ability to communicate and work together for the child's best interests; that Father does not work on Mondays; and that Mother works Mondays through Fridays from 7:30 a.m. to 5:30 p.m. See Appellant's App. at 10. Neither party requested specific findings pursuant to Trial Rule 52, and a trial court is not required to make special findings in a custody modification proceeding. See Schenk v. Schenk, 564 N.E.2d 973, 978-79 (Ind. Ct. App. 1991). We cannot say the trial court's extremely limited findings constitute even sua sponte findings under the rule, and we do not apply the two-tiered standard of review applicable thereto.

Father contends the trial court abused its discretion because "the evidence introduced at trial clearly and unequivocally showed not only that there had been a change in circumstances but also that the modification Father requested was in [Child's] best interests." Appellant's Brief at 10-11. Specifically, he argues he proved a substantial change in at least two of the relevant factors: the interaction and interrelationship between Child and the parents and the wishes of the parents.

Father contends the parties' changed work circumstances—namely, that he no longer works on a barge with a twenty-eight days on, twenty-eight days off schedule and instead has a regular schedule close to home and also that Mother now works Monday through Friday—and the arrangements the parties have made for Child to account for their new work schedules "clearly and unequivocally established a change in 'interaction and interrelationship' between the parties and their daughter . . . [and] indicates indisputably that the parties' wishes had changed between 2006 and 2013." Appellant's Br. at 13-14. By all accounts, Child has a good relationship with both of her parents and with her extended family on both sides, as well. This is not a matter where Child clearly has a better relationship with one parent over the other or where Child has only recently been able to know or bond with one of her parents. Both parents have been involved in Child's life since birth, and any changes in the interaction and interrelationship between Child and the parties at this stage is largely a natural function of time as Child grows and matures. As for the parties' wishes, it is true that they have altered the parenting time schedule from that set forth in the original order due in large part to Father's change in employment and accompanying change in availability. But it is by no means clear from

this alteration that it is the wish of <u>both</u> parties to share physical custody of Child equally. The arrangement the parties have come to accommodates everyone's schedules, and yet Child still primarily resides with Mother, spending most nights at Mother's home. In addition to lack of a substantial change in the relevant factors, Father has failed to demonstrate that a change in custody which would have Child sleeping in a different home almost every night is in her best interests. The high burden of proof in modification proceedings arises out of the presumption that permanence and stability are best for the welfare and happiness of a child. <u>Fields v. Fields</u>, 749 N.E.2d 100, 108 (Ind. Ct. App. 2001), <u>trans. denied</u>. Although her time there may be limited, there is considerable value, especially at such a young age, in Child knowing she will consistently return to Mother's home.

We by no means wish to discourage the parties from continuing to work together for the good of Child, but Father's argument is essentially an invitation to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. <u>See</u> <u>In re Paternity of B.B.</u>, 1 N.E.3d at 160. Based upon all of the evidence, we cannot say that the trial court abused its discretion by finding that no substantial change occurred in one of the statutory factors or that modification was not in Child's best interests. Accordingly, we conclude the trial court did not abuse its discretion by denying Father's petition for modification of custody.

### III. Parenting Time

Having determined the trial court did not abuse its discretion in failing to modify custody to a joint legal/joint physical custody arrangement, we address the parenting time

ordered by the trial court. The Indiana Parenting Time Guidelines provide a "minimum recommended" schedule for parenting time but also contemplate that a non-custodial parent may exercise additional time by agreement. Parenting Time Guideline Section II(A). In Section I(C)(3), the Parenting Time Guidelines state:

> When it becomes necessary that a child be cared for by a person other than a parent or a responsible household family member, the parent needing the child care shall first offer the other parent the opportunity for additional parenting time, if providing the child care by the other parent is practical considering the time available and the distance between the residences.

The preference for parental childcare is founded upon the premise that it is usually in a child's best interest to have frequent, meaningful, and continued contact with each parent. Shelton v. Shelton, 840 N.E.2d 835, 835 (Ind. 2006).

Here, without a request, the trial court's order that "Mother may, at her option, take the child to Father's home on the mornings Mother works" effectively eliminates Father's opportunity to exercise additional parenting time by providing before-school care. Appellant's App. at 1 (emphasis added). It is undisputed Mother usually leaves home between 6:30 a.m. and 6:40 a.m. and begins work at 7:30 a.m. It is undisputed that Father and Child enjoy and make good use of the before-school time they spend together. While Child remains of tender age, Mother is always going to need child care on the mornings she works, and the opportunity to provide that care should be offered to Father. The trial court's sua sponte restriction of that opportunity is contrary to law, and we remand for the trial court to eliminate that provision from its order.

IV. Child Support

Finally, the parties agree that child support was an issue before the court and the trial court should have issued a child support order commensurate with the changes ordered to parenting time, rather than simply ordering Father to submit a child support worksheet. Decisions regarding modification of child support are left to the discretion of the trial court. See Mertz v. Mertz, 971 N.E.2d 189, 192-93 (Ind. Ct. App. 2012), trans. denied. However, it is unclear from the trial court's order directing Father to submit a child support worksheet whether it intended to modify child support based upon that worksheet or whether it was taking the matter under advisement pending submission of the worksheet. On remand, the trial court should make a determination as to whether child support should be modified as Father's petition requested, and if so, enter an order stating the amount of the child support award based upon financial information already provided.

## Conclusion

The trial court did not abuse its discretion in denying Father's petition to modify custody to grant him both joint legal and joint physical custody of Child. The trial court did, however, abuse its discretion by including a provision in the order that contravenes the Parenting Time Guidelines' rule that Father should be offered the opportunity to exercise additional parenting time. Finally, the trial court erred in failing to specifically address modification of child support. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

RILEY, J., and BRADFORD, J., concur.